UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA on behalf: of and for the use and benefit of J.D. CEMENT WORKS, INC., | : : : | |
| v. | : : | Case No. COMPLAINT AND JURY DEMAND |
| ASTURIAN GROUP, INC. and HARTFORD CASUALTY INSURANCE COMPANY | : : : | |

Pursuant to the Miller Act, 40 U.S.C. § 3131, et seq., Plaintiff, J.D. Cement Works, Inc. ("JDCW"), in the name of the United States, seeks to recover amounts owed under its subcontract with Defendant Asturian Group, Inc. ("Asturian"), and under the Labor and Material Payment Bond issued by its surety, Defendant Hartford Casualty Insurance Company ("Hartford"), concerning work performed on two federally owned construction projects located at the United States Naval Warfare Center in Newport, Rhode Island.

**PARTIES**

1. Pursuant to 40 U.S.C. § 3133(b)(3), this action is brought in the name of the United States on behalf of Plaintiff, JDCW, a Rhode Island corporation with a usual place of business at 9 New England Way, Lincoln, Rhode Island 02865.

2. Defendant Asturian is a corporation organized and existing pursuant to the laws of the Commonwealth of Virginia with a principal place of business located at 760 Lynnhaven Parkway, Suite 200, Virginia Beach, Virginia 23452.

3. Defendant Hartford is an insurance company organized and existing pursuant to the laws of the State of Connecticut with an address of One Hartford Plaza, Hartford, Connecticut 06155. Upon information and believe, Hartford is surety for Asturian on the Projects, as defined

below, under Labor and Material Payment Bonds in accordance with 40 U.S.C. § 3131 through 3134 (the "Columbia Class Bond" and the "AUV Bond", collectively the "Bonds").

## JURISDICTION AND VENUE

4. The subcontracts at issue concern work performed at the United States Naval Undersea Warfare Center which is owned and controlled by the United States government and was performed for the United States Navy NAVFAC Newport ("NAVFAC"). Accordingly, jurisdiction is proper under 40 U.S.C. § 3133(b)(3).

5. The Court has pendant and supplemental jurisdiction over claims brough under state law pursuant to 28 U.S.C. § 1367.

6. Venue is proper under 28 U.S.C. § 1391(b) and (c), and 40 U.S.C. § 3133(b)(3)(B) as the contracts at issue were performed in Newport, Rhode Island.

## FACTS

7. The United States, acting by and through the NAVFAC, entered into a prime contract with Asturian for a project known as "NUWC-B1176 COLUMBIA CLASS", contract number N4008516D3041-N4008519F7135 (the "Columbia Class Project")

8. Upon information and belief, Hartford, as surety, issued the Columbia Class Bond on behalf of its principal, Asturian, to protect the interests of JDCW and other subcontractors on the Columbia Class Project.

9. On or about September 24, 2020, Asturian subcontracted with JDCW to perform concrete and other work for the Columbia Class Project (the "Columbia Class Subcontract").

10. In consideration for the work performed under the Columbia Class Subcontract, Asturian agreed to pay JDCW a total of $156,935.00.

11. Thereafter, the Columbia Class Subcontract was amended by change orders issued so that Asturian agreed to pay JDCW a contract sum total of $274,770.56.

12. JDCW has diligently performed its work on the Columbia Class Project in accordance with the Columbia Class Subcontract.

13. JDCW timely submitted invoices, requisitions, and applications for payment to Asturian in accordance with the Columbia Class Subcontract for the labor, materials, and equipment it has furnished to the Columbia Class Project with the consent of the NAVFAC.

14. Asturian, however, has only paid JDCW $146,296.14, which has left an outstanding balance due and owing to JDCW for work performed on the Columbia Class Subcontract in the amount of $109,468.42.

15. JDCW is therefore owed the total amount of $109,468.42 for its work on the Columbia Class Project.

16. Despite demands by JDCW, Asturian has failed to pay JDCW $109,468.42 owed under the Columbia Class Subcontract.

17. At all times relevant hereto, Asturian was fully aware that it owed JDCW compensation under the Columbia Class Subcontract.

18. More than 90 days have passed since JDCW performed the last of its labor and/or furnished material to the Columbia Class Project associated with $98,002.76 of the outstanding balance, for which JDCW seeks payment.

19. Despite timely and professionally furnishing labor, material, and equipment under the Columbia Class Subcontract, to date, JDCW has not been paid the outstanding amount of $109,468.42 for the labor and/or material it furnished in connection with the Columbia Class Project.

4894-9707-9867, v. 2

20. The Columbia Class Bond constitutes the only security awardable to JDCW for the labor, material, and equipment furnished and incorporated into the Columbia Class Project.

21. To date, neither Asturian nor Hartford has paid JDCW for the $109,468.42 due and owing under the Columbia Class Bond.

22. The United States, acting by and through the NAVFAC, entered into a prime contract with Asturian for a project known as "NPRT-B1371 AUTO UNDERWATER", contract number N4008516D3041-N4008519F7158 (the "AUV Project")

23. Upon information and belief, Hartford, as surety, issued the AUV Bond on behalf of its principal, Asturian, to protect the interests of JDCW and other subcontractors on the AUV Project.

24. On or about February 4, 2021, Asturian subcontracted with JDCW to perform concrete, masonry, and other work for the AUV Project (the "AUV Subcontract").

25. In consideration for the work performed under the AUV Subcontract, Asturian agreed to pay JDCW a total of $344,666.00.

26. Thereafter, the AUV Subcontract was amended by change orders issued so that Asturian agreed to pay JDCW a contract sum total of $1,025,710.68.

27. JDCW has diligently performed its work on the AUV Project in accordance with the AUV Subcontract.

28. JDCW timely submitted invoices, requisitions, and applications for payment to Asturian in accordance with the AUV Subcontract for the labor, materials, and equipment it has furnished to the AUV Project with the consent of the NAVFAC.

29. Asturian, however, has only paid JDCW $463,762.26, which has left an outstanding balance due and owing to JDCW for work performed on the AUV Subcontract in the amount of $237,728.40.

30. JDCW is therefore owed the total amount of $237,728.40 for its work on the AUV Project.

31. Despite demands by JDCW, Asturian has failed to pay JDCW $237,728.40 owed under the AUV Subcontract.

32. At all times relevant hereto, Asturian was fully aware that it owed JDCW compensation under the AUV Subcontract.

33. More than 90 days have passed since JDCW performed the last of its labor and/or furnished material to the AUV Project associated with $129,400.00 of the outstanding balance, for which JDCW seeks payment.

34. Despite timely and professionally furnishing labor, material, and equipment under the AUV Subcontract, to date, JDCW has not been paid the outstanding amount of $237,728.40 for the labor and/or material it furnished in connection with the AUV Project.

35. The AUV Bond constitutes the only security awardable to JDCW for the labor, material, and equipment furnished and incorporated into the AUV Project.

36. To date, neither Asturian nor Hartford has paid JDCW for the $237,728.40 due and owing under the AUV Bond.

## COUNT I
### (Breach of Contract Against Asturian – Columbia Class Project)

37. JDCW repeats and incorporates by reference averments set forth in paragraphs 1 through 36 as if set forth fully herein.

38. JDCW has performed its obligations under the Columbia Class Subcontract with Asturian.

39. Despite numerous demands for payment, Asturian has failed, refused, and neglected to pay JDCW the $109,468.42 due and owing under the Columbia Class Subcontract.

40. Asturian has materially breached the Columbia Class Subcontract by, among other things, failing to fully pay JDCW amounts owed to it under the Columbia Class Subcontract, which has caused JDCW damage.

41. As a direct and proximate result of Asturian's material breach, JDCW has been damaged.

WHEREFORE, Plaintiff JDCW demands judgment against Defendant Asturian in the amount of $109,468.42, plus all costs, attorneys' fees, and such other and further relief as the Court deems just and proper.

## COUNT II
### (Breach of Contract Against Asturian - AUV Project)

42. JDCW repeats and incorporates by reference averments set forth in paragraphs 1 through 41 as if set forth fully herein.

43. JDCW has performed its obligations under the AUV Subcontract with Asturian.

44. Despite numerous demands for payment, Asturian has failed, refused, and neglected to pay JDCW the $237,728.40 due and owing under the AUV Subcontract.

45. Asturian has materially breached the AUV Subcontract by, among other things, failing to fully pay JDCW amounts owed to it under the AUV Subcontract, which has caused JDCW damage.

46. As a direct and proximate result of Asturian's material breach, JDCW has been damaged.

4894-9707-9867, v. 2

WHEREFORE, Plaintiff JDCW demands judgment against Defendants Asturian in the amount of $237,728.40, plus all costs, attorneys' fees, and such other and further relief as the Court deems just and proper.

## COUNT III
### (Miller Act Payment Bond Claim Against Asturian and Hartford, Jointly and Severally – Columbia Class Project)

47.     JDCW repeats and incorporates by reference averments set forth in paragraphs 1 through 46 as if set forth fully herein.

48.     JDCW properly performed its work on the Columbia Class Project.

49.     Asturian has not fully paid JDCW for the work it performed.

50.     Under the Miller Act, the Columbia Class Bond is enforceable as against Asturian and its surety, Hartford, jointly and severally, in the amount of the outstanding balance for work performed more than 90 days ago. Accordingly, Asturian and Hartford owe JDCW the amount of $98,002.76.

51.     Ninety days have elapsed since JDCW last furnished labor, equipment, and services on the Columbia Class Project for which the $98,002.76 is due and owing.

52.     This Complaint is filed within one year after JDCW last furnished labor, equipment, and services on the Project.

WHEREFORE, Plaintiff JDCW demands judgment against Defendants Asturian and Hartford, jointly and severally, in the amount of $98,002.76, plus all costs, attorneys' fees, and such other and further relief as the Court deems just and proper.

## COUNT IV
### (Miller Act Payment Bond Claim Against Asturian and Hartford, Jointly and Severally - AUV Project)

53. JDCW repeats and incorporates by reference averments set forth in paragraphs 1 through 52 as if set forth fully herein.

54. JDCW properly performed its work on the AUV Project.

55. Asturian has not fully paid JDCW for the work it performed.

56. Under the Miller Act, the AUV Bond is enforceable as against Asturian and its surety, Hartford, jointly and severally, in the amount of the outstanding balance for work performed more than 90 days ago. Accordingly, Asturian and Hartford owe JDCW the amount of $129,400.00.

57. Ninety days have elapsed since JDCW las furnished labor, equipment, and services on the AUV Project for which the $129,400.00 is due and owing.

58. This Complaint is filed within one year after JDCW last furnished labor, equipment, and services on the Project.

WHEREFORE, Plaintiff JDCW demands judgment against Defendants Asturian and Hartford, jointly and severally, in the amount of $129,400.00, plus all costs, attorneys' fees, and such other and further relief as the Court deems just and proper.

*PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL TRIABLE ISSUES*

        Respectfully submitted,

        Plaintiff,

        UNITED STATES OF AMERICA, on behalf of and for the use and benefit of J.D. CEMENT WORKS, INC.,

        By their Attorneys,

        */s/ William E. O'Gara*
        Patrick J. McBurney (#9097)
        William E. O'Gara (#4257)
        PANNONE LOPES DEVEREAUX & O'GARA LLC
        Northwoods Office Park
        1301 Atwood Avenue, Suite 215 N
        Johnston, Rhode Island 02919
        401 824 5100
        401 824 5123 (fax)
        wogara@pldolaw.com
        pmcburney@pldolaw.com

Dated: November 1, 2022

4894-9707-9867, v. 2