# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA on behalf of and for the use and benefit of J.D. CEMENT WORKS, INC., | : : : Case No.: 1:22-cv-00394-WES-LDA : |
| v. | : : |
| ASTURIAN GROUP, INC. and HARTFORD CASUALTY INSURANCE COMPANY | : ANSWER AND COUNTERCLAIM : OF DEFENDANT ASTURIAN : GROUP, INC. |

Defendant Asturian Group, Inc. ("Defendant" or "Asturian"), by and through its undersigned counsel, hereby answers Plaintiff United States of America f/u/b/o J.D. Cement Works, Inc.'s ("Plaintiff" or "JDCW") Complaint as follows:

## ANSWER

## PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Admitted.

3. On information and belief, Defendant admits only that Hartford is an insurance company located at One Hartford Plaza, Hartford, Connecticut and that Hartford provided the payment bonds on two of the projects. The remaining allegations in Complaint paragraph 3 call for legal conclusions to which no response is required; to the extent a response is required, Defendant denies the same.

## JURISDICTION AND VENUE

4. The allegations in paragraph 4 call for legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the same.

5. The allegations in paragraph 5 call for legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the same.

6. The allegations in paragraph 6 call for legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the same.

## FACTS

7. The allegations in paragraph 7 reference a written document which speaks for itself. Defendant denies any allegation contained in paragraph 7 which mischaracterizes, misquotes, or is inconsistent with the terms of the written document.

8. Defendant admits that Hartford issued a payment bond on the Columbia Class Project.

9. The allegations in paragraph 9 reference a written document which speaks for itself. Defendant denies any allegation contained in paragraph 9 which mischaracterizes, misquotes, or is inconsistent with the terms of the written document.

10. The allegations in paragraph 10 reference a written document which speaks for itself. Defendant denies any allegation contained in paragraph 10 which mischaracterizes, misquotes, or is inconsistent with the terms of the written document.

11. The allegations in paragraph 11 reference written documents which speaks for themselves. Defendant denies any allegation contained in paragraph 11 which mischaracterizes, misquotes, or is inconsistent with the terms of the written document.

12. Denied.

13. Denied.

14. Defendant admits that it has paid Plaintiff $146,296.14 on the Columbia Class Project. Defendant denies all remaining allegations contained in paragraph 14.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21. Denied.

22. The allegations in paragraph 22 reference a written document which speaks for itself. Defendant denies any allegation contained in paragraph 22 which mischaracterizes, misquotes, or is inconsistent with the terms of the written document.

23. Defendant admits that Hartford issued a payment bond on the AUV Project.

24. The allegations in paragraph 24 reference a written document which speaks for itself. Defendant denies any allegation contained in paragraph 24 which mischaracterizes, misquotes, or is inconsistent with the terms of the written document.

25. The allegations in paragraph 25 reference a written document which speaks for itself. Defendant denies any allegation contained in paragraph 25 which mischaracterizes, misquotes, or is inconsistent with the terms of the written document.

26. The allegations in paragraph 26 reference written documents which speak for themselves. Defendant denies any allegation contained in paragraph 26 which mischaracterizes, misquotes, or is inconsistent with the terms of the written documents.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

36. Denied.

## COUNT I
### (Breach of Contract Against Asturian – Columbia Class Project)

37. Defendant incorporates by reference its responses to the preceding paragraphs of Plaintiff's Complaint.

38. Denied.

39. Denied.

40. The allegations in paragraph 40 call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

41. Denied.

## COUNT II
### (Breach of Contract Against Asturian – AUV Project)

42. Defendant incorporates by reference its responses to the preceding paragraphs of Plaintiff's Complaint.

43. Denied.

44. Denied.

45. The allegations in paragraph 45 call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

4

46. Denied.

## COUNT III
### (Miller Act Payment Bond Claim Against Asturian and Hartford, Jointly and Severally – Columbia Class Project

47. Defendant incorporates by reference its responses to the preceding paragraphs of Plaintiff's Complaint.

48. Denied.

49. Denied.

50. The allegations in paragraph 50 call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

51. Denied.

52. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

## COUNT IV
### (Miller Act Payment Bond Claim Against Asturian and Hartford, Jointly and Severally – AUV Project)

53. Defendant incorporates by reference its responses to the preceding paragraphs of Plaintiff's Complaint.

54. Denied.

55. Denied.

56. The allegations in paragraph 56 call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

57. Denied.

58. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58.

# DEFENSES

Defendant asserts the following affirmative and other defenses in response to the allegations in the Complaint:

## First Defense

Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

## Second Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff materially breached the Columbia Subcontract and the AUV Subcontract, and such breaches excuse any nonperformance and discharge the obligations of Defendant, if any, to Plaintiff.

## Third Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff has unclean hands.

## Fourth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

## Fifth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of promissory estoppel.

## Sixth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## Seventh Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no damages.

## Eighth Defense

Plaintiff's claims are barred, in whole or in part, because Defendant is not the proximate cause of the alleged damages.

### Ninth Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate the alleged damages.

### Tenth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of setoff.

### Eleventh Defense

Plaintiff's claims pursuant to The Miller Act, 40 U.S.C. § 3131 et seq., are barred, in whole or in part, because Plaintiff does not have capacity to bring such claims and Plaintiff did not otherwise comply with applicable federal law including the Miller Act

### Twelfth Defense

Plaintiff's claims pursuant to The Miller Act are barred, in whole or in part, because the claims are not ripe for adjudication

### Thirteenth Defense

Defendant reserves the right to raise additional affirmative defenses as the same become apparent through its investigation of this matter and discovery.

WHEREFORE, the Defendant, Asturian Group, Inc. respectfully requests that this Honorable Court enter judgment dismissing the Plaintiff's Complaint and awarding Defendant its costs, together with such further relief as the Court deems just and proper.

### COUNTERCLAIM

Counterclaim-Plaintiff/Defendant Asturian Group, Inc. ("Asturian" or "Counterclaim-Plaintiff"), by and through undersigned counsel, by way of Counterclaim against Counterclaim-Defendant/Plaintiff United States of America f/u/b/o J.D. Cement Works, Inc. ("JDCW" or "Counterclaim-Defendant"), alleges as follows:

## PARTIES

1. Counterclaim-Plaintiff, Asturian is a Virginia corporation with its principal place of business at 760 Lynnhaven Parkway Suite 200, Virginia Beach, Virginia 23452, and is registered to do business as a corporation in Rhode Island.

2. Upon information and belief, Counterclaim-Defendant, JDCW is a Rhode Island corporation with its principal place of business at 9 New England Way, Lincoln, Rhode Island 02865.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1367(a). This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of costs and interest.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), as a substantial part of the events giving rise to this claim occurred in Newport, Rhode Island.

5. This Court has personal jurisdiction over the parties, including Counterclaim-Defendant, because Counterclaim-Defendant continuously and systematically conducts business within the territorial jurisdiction of this Court. See 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

*Columbia Class Project*

6. On or about September 20, 2019 the United States of America, through its United States Navy, Naval Facilities Engineering Command, Newport ("NAVFAC") awarded Prime Contract No. N4008516D3041-N4008519F7135 (the "Columbia Class Contract") to Asturian for the United States Government Construction project known as NUWC-B1176 COLUMBIA CLASS in Rhode Island (the "Columbia Class Project").

7. On or about October 16, 2020 Asturian and JDCW entered into a subcontract agreement (the "Columbia Class Subcontract"), under which JDCW agreed to, among other things, supply material, equipment, and labor to the Columbia Class Project.

8. As of the date of this Counterclaim, JDCW is working on completing its work under the Columbia Class Subcontract.

*AUV Project*

9. The United States of America, through its NAVFAC, awarded Prime Contract No. N4008516D3041-N4008519F7158 (the "AUV Contract") to Asturian for the United States Government Construction project known as NPRT – B1371 AUTO UNDERWATER in Rhode Island (the "AUV Project").

10. On or about February 4, 2021, Asturian and JDCW entered into a subcontract agreement (the "AUV Subcontract"), under which JDCW agreed to, among other things, supply material, equipment, and labor to the AUV Project. The total sum of the original AUV Subcontract price was $346,666.00. A copy of the AUV Subcontract is attached hereto as Exhibit 1.

11. Thereafter, Asturian and JDCW executed several change orders, which added certain scopes of work to the AUV Subcontract and increased the value of the AUV Subcontract.

12. JDCW agreed to perform work on the AUV Project in a professional and workmanlike manner and to comply with the terms of the AUV Subcontract. See AUV Subcontract, Section 9.

13. If JDCW failed to perform timely pursuant to the AUV Subcontract, Asturian was allowed to take action, including but not limited to supplementing JDCW's workforce, at JDCW's expense. See AUV Subcontract, Section 6(H) - (I).

14. JDCW also agreed to indemnify Asturian from any and all losses incurred by Asturian which in any way arise out of or relate to JDCW's defective work and work which does not conform to the AUV Subcontract. See AUV Subcontract, Section 20(A).

15. Despite JDCW's representations and its contractual obligations, JDCW failed to perform work on the AUV Project in accordance with the AUV Subcontract.

16. Throughout its time on the AUV Project, JDCW (a) failed to adequately progress its work to achieve the AUV Subcontract's substantial completion date, (b) failed to staff the AUV Project with adequate personnel, and (c) failed to perform work in compliance with the AUV Subcontract, applicable codes, and industry standards.

17. In addition, Asturian observed significant defects and deficiencies in JDCW's work on the AUV Project.

18. JDCW's untimely and defective work caused delay and prevented Asturian from achieving substantial completion of the work as required under its contract with the Government.

19. Following JDCW's repeated failures to progress its work and correct defective work in a timely manner, Asturian lost faith in JDCW's ability to timely complete its work in compliance with the AUV Subcontract. Therefore, pursuant to its right under AUV Subcontract Section 6(I), and after notice to JDCW, Asturian hired another contractor to supplement JDCW and to perform and correct JDCW's deficient and defective work.

20. To date, Asturian's costs to complete and correct JDCW's deficient and defective AUV Project work exceed the amount that JDCW alleges that Asturian owes JDCW for work it performed on the Columbia Class Project and any unpaid amounts under the AUV Subcontract.

21. Asturian continues to incur costs to complete and correct JDCW's deficient and defective AUV Project work.

## CAUSE OF ACTION

### COUNT I – BREACH OF CONTRACT

22. Counterclaim-Plaintiff, Asturian repeats and restates the allegations contained in the prior paragraphs of this Counterclaim as if set forth fully herein.

23. At all times relevant hereto, the AUV Subcontract between Asturian and JDCW was a valid and enforceable contract.

24. JDCW materially breached the AUV Subcontract by failing to perform its obligations under the AUV Subcontract in a timely, and good and workmanlike manner.

25. As a direct and proximate result of JDCW's material breaches of the AUV Subcontract, Asturian suffered damages.

WHEREFORE, Counterclaim-Plaintiff, Asturian requests that this Court grant judgment in its favor and against JDCW in an amount no less than $75,000.00, with the exact amount to be proved at trial, along with pre-and post-judgment interest, court costs, attorneys' fees, and any other relief which the Court deems equitable.

### DEMAND FOR JURY TRIAL

26. Counterclaim-Plaintiff, Asturian demands a trial by jury.

Respectfully submitted,
DEFENDANT ASTURIAN GROUP, LLC
By its Attorneys

Dated: November 29, 2022  /s/ Katharine E. Kohm

Katharine E. Kohm  (#8194)
PIERCE ATWOOD LLP
One Financial Plaza, 26th Floor
Providence, RI 02903
Tel: (401) 490-3407
kkohm@pierceatwood.com

-and-

Jesse S. Keene (DC Bar No. 999715)
*(motion for pro hac vice to be filed)*
COZEN O'CONNOR
1200 Nineteenth St., NW
Washington, DC 20036
Tel: (202) 747-0795
Fax: (202) 540-9724
jkeene@cozen.com

Michael M. Filbin ( MA BBO No. 705341)
*(motion for pro hac vice to be filed)*
COZEN O'CONNOR
101 Arch Street, 8th Floor
Boston, MA 02110
Tel: (617) 849-5004
Fax: (646) 225-5125
mfilbin@cozen.com

***Counsel for Counterclaim-Plaintiff/Defendant Asturian Group, Inc.***

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of November 2022, I electronically filed the foregoing with the clerk of the Court for the United States District Court for the District of Rhode Island by using the CM/ECF system, which will send notification of such filing to all counsel of record and paper copies on this 29th day of November, 2022 will be sent by U.S Mail, postage prepaid, to those parties who have not yet entered an appearance as listed below.

The Hartford Casualty Insurance Company
One Hartford Plaza,
Hartford, Connecticut 06155

*/s/ Katharine E. Kohm*
Katharine E. Kohm (#8194)